UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM C. COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 09-1209 |
| | ) | |
| EAST PEORIA COMMUNITY HIGH | ) | |
| SCHOOL DISTRICT 309, an Illinois | ) | |
| Local Governmental Entity, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Before the Court is Defendant's Second Motion for Summary Judgment (Doc. 13) and Defendant's Memorandum of Law (Doc. 14). Also before the Court is Plaintiff's Memorandum in Opposition to Defendant's Second Motion for Summary Judgment (Doc. 15) and Defendant's Reply (Doc. 16). For the following reasons, Defendant's Second Motion for Summary Judgment is GRANTED.

### BACKGROUND[1]

Plaintiff began teaching at the East Peoria Community High School as a social science teacher in 1998. (Doc. 8-1 at 1). He was subject to a Collective Bargaining Agreement between Defendant and the East Peoria Community High School Education Association ("Association"). (Doc. 8-1 at 1). On September 5, 2006,

---

[1] These are the Court's factual determinations of the undisputed facts from its February 17, 2010 Order. (Doc. 8-1).

the Association and Defendant entered into a "Memorandum of Understanding" (hereinafter referred to as "Retirement Incentive Plan") that spelled out the terms of a retirement incentive applicable during the 2006 to 2012 school years. (Doc. 8-1 at 1-2). Plaintiff alleges that he had a conversation with Superintendent Cobert, regarding the Retirement Incentive Plan, in which Cobert made certain representations that compelled Plaintiff to retire. (Doc. 8-1 at 2).

Plaintiff tendered three letters of resignation dated April 11, 2006, August 1, 2006 and October 1, 2006 and which are identical except for a recitation of benefits Plaintiff expected to receive upon his retirement. (Doc. 8-1 at 2). Each of the letters indicated that the resignation would be effective December, 2007. (Doc. 8-1 at 2). The School Board only accepted the third letter of resignation. (Doc. 8-1 at 2). On November 6, 2007, Plaintiff attempted to rescind his resignation because he believed that Superintendent Cobert made material misrepresentations as to the benefits he would receive during retirement. (Doc. 8-1 at 2). Plaintiff also apparently believed that the Retirement Incentive Plan, as negotiated by his Union and Defendant discriminated against him on account of his age. (Doc. 8-1 at 2). Plaintiff's attempt to rescind his resignation was rejected, Superintendent Cobert drafted a letter on November 20, 2007, indicating that the School Board had already approved his resignation, that Plaintiff had already received the benefits provided under the Retirement Incentive Plan, and that the Board had already hired a replacement. (Doc. 8-1 at 2).

Plaintiff filed a Charge of Discrimination on September 3, 2008 alleging that the latest discriminatory act was November 20, 2007. (Doc. 8-1 at 3). A Right to Sue letter was dated May 29, 2009. (Doc. 8-1 at 3). On June 12, 2009, Plaintiff filed a Complaint against Defendant. (Doc. 1). Defendant filed a Motion for Summary Judgment (Doc. 4), and Memorandum in Support on September 12, 2009 (Doc. 5), arguing that Plaintiff's claim was time-barred. On September 31, 2009, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment. (Doc. 7). In its Order and Opinion ruling upon Defendant's First Motion for Summary Judgment, the Court determined that Plaintiff's claim was "that he was discriminated against on account of his age with respect to retirement benefits and that the discrimination resulted in a decrease in his benefits and his constructive discharge." (Doc. 8-1 at 6-9).

This Court also found that the adverse employment action occurred on October 1, 2006 when Plaintiff tendered his last letter of resignation and that the claim accrued when Plaintiff became aware, or should have become aware, that he was injured. (Doc. 8-1 at 9). However, the Court was unable to determine based upon the record before it on what date this actually occurred. (Doc. 8-1 at 9). This Court ordered Defendant to answer the remaining aspects of Plaintiff's Complaint, which it did on March 5, 2010. (Doc. 9). On September 17, 2010, Defendant filed its Second Motion for Summary Judgment (Doc. 13) and Memorandum of Law (Doc. 14). Plaintiff filed his Memorandum in Opposition (Doc. 15), on October 4, 2010, to which Defendant filed a Reply on October 12, 2010. (Doc. 16).

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." *Id*. at 426. Therefore, if the record before the Court could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Walters v. DHL Exp.*, 500 F.Supp.2d 1007, 1009 (C.D. Ill. 2007). However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. *Id.*

The only issue for determination is whether Plaintiff timely filed his claims with the Equal Employment Opportunity Commission ("EEOC"). "An individual must have filed timely charges of discrimination with the EEOC in order to file a claim of discrimination" in federal court. *EEOC v. North Gibson School Corp.*, 266 F.3d 607, 616 (7th Cir. 2001). Because Illinois is a deferral state for purposes of establishing the statutory period within which an employee must file an administrative charge of age discrimination, Plaintiff's charge had to be filed with

4

the EEOC within 300 days of the "alleged" unlawful practice. *See* 29 U.S.C. § 626(d)(1)(B); *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004).

## DISCUSSION

Since Plaintiff's charge was filed with the EEOC on September 3, 2008, the 300 day period began on November 8, 2007; and a federal suit would be precluded unless Plaintiff could demonstrate that a discriminatory act under the Age Discrimination in Employment Act ("ADEA") occurred subsequent to that date. All such acts of unlawful discrimination that occurred prior to November 8, 2007, are therefore time-barred. Accrual is the date on which the statute of limitations begins to run. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). It is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he has been injured. *Id.*

Defendant contends that the claim accrued on October 1, 2006, when Plaintiff tendered his resignation for the third and last time. Plaintiff argues that the claim accrued on November 20, 2007, when the School board refused to accept the withdrawal of his resignation letter.[2] For purposes of this motion, it is necessary to determine when Plaintiff became aware of his injury. The limitations period begins to run "when the defendant has taken the action that injures the plaintiff and when

---

[2] Additionally, Plaintiff asks the Court to reconsider its decision that the adverse employment action took place on October 1, 2006. This Court will not reconsider its prior determination as to the date of the adverse job action because it was accurate and entirely supported by case law. Even if this Court chose to reconsider its prior determination, Plaintiff cites no authority for the proposition that a refusal to reinstate an employee is the date of the adverse job action in the context of employment discrimination claims.

5

the plaintiff knows he has been injured, not when he determines that the injury was unlawful." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001).

Plaintiff asserts that the cause of action does not accrue until Plaintiff had subjective knowledge that the conduct was unlawful. (Doc. 15 at 3). However, a cause of action for employment discrimination accrues when Plaintiff discovers he or she has been injured, not when Plaintiff determines that the injury was unlawful. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). Therefore, Plaintiff's argument that his cause of action accrued on November 20, 2007 when he discovered the injury was unlawful is not supported by case law.

In this case, the Complaint makes clear that the discriminatory act that Plaintiff is really complaining of is the application of the September, 2006 Retirement Incentive Plan and its retirement benefits provisions which Plaintiff believes discriminates against elderly employees such as himself. (Doc. 1). Plaintiff further argues that statements made by Superintendent Cobert compelled him to retire and accept the benefits, which he now believes discriminated against him on account of his age. (Doc. 15 at 3). Since the injury was Plaintiff's retirement, Plaintiff's cause of action for purported violation of the ADEA accrued on October 1, 2006, when he tendered his resignation. As evidenced by his October 1, 2006 resignation letter, what led up to the resignation was the age discriminatory retirement plan, which Plaintiff indicates induced him to retire in the first place. (Doc. 7 at 2). The key timeframe, which begins the running of the statute of limitations is Plaintiff's resignation during October, 2006, which was ostensibly

based upon the Boards' adoption of the alleged age discriminatory retirement plan. If Plaintiff had not known about the alleged age discriminatory retirement plan he would not have felt compelled to retire and obtain the retirement incentive benefits. It was only after Plaintiff decided that the benefits were not as lucrative as he had originally thought, did he file his complaint with the EEOC. Therefore, Plaintiff's claim accrued on October 1, 2006, well before the cut-off date of November 8, 2007, and is thus time-barred.

## CONCLUSION

For the foregoing reasons, Defendants' Second Motion for Summary Judgment (Doc. 13) is GRANTED. The Clerk is DIRECTED to ENTER JUDGMENT in favor of Defendant and against Plaintiff. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 13th day of July, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
